# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ME2 PRODUCTIONS, INC., ) | |
| ) | Case No. 2:16-cv-02783-JCM-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket No. 7) |
| JOHN AND JANE DOES, ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court is a motion to quash a subpoena filed by Sarah Augustin ("Movant"). Docket No. 7. Plaintiff filed a response in opposition. Docket No. 8. Plaintiff also filed a copy of the subpoena. Docket No. 10. On April 5, 2017, this case was transferred to the undersigned magistrate judge. Docket No. 12. For the reasons discussed more fully below, the Court **GRANTS** the motion to quash.

Movant's motion is clearly premised on the fact that the date for compliance that is identified in the subpoena is erroneous, in that it requires compliance in 2016. Docket No. 7 at 1 (identifying first ground for the motion as "The date filled by the plaintiff to produce documents reads - March 20, 2016. This is one year past" (emphasis in original)). A review of the subpoena confirms that it is facially deficient, in that it requires compliance on a date that has already passed. Docket No. 10 at 1. Construing Movant's motion liberally, as the Court must, *see, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), she seeks an order quashing the subpoena for failing to provide a reasonable time for compliance, *see* Fed. R. Civ. P. 45(d)(3)(A)(i).

In responding to the motion, Plaintiff does not address this issue. Instead, Plaintiff states that it was permitted to seek this third-party discovery and further makes generalized assertions that grounds for quashing the subpoena do not exist. *See* Docket No. 8. For example, without elaboration, Plaintiff contends that, "[i]n accordance with [Rule] 45(d)(3)(A)(i), the subpoena provided its recipient sufficient time to respond." *Id.* at 4; *see also id.* at 3 ("[t]here is no evidence or even reasonable argument that the subject subpoena: (1) fails to allow a reasonable time for compliance" (emphasis in original)). Such assertions simply ignore that zero time was given for compliance because the date for compliance had already passed.

In short, Plaintiff served a subpoena that is defective on its face. *See in re Subpoena to Jodie Strain*, 2013 WL 12155022, at *1 (S.D. Tex. June 19, 2013) ("That subpoena was defective, however, because the date for compliance had already passed"). Plaintiff's response does not recognize that obvious deficiency despite Plaintiff's motion clearly identifying it. Nor has Plaintiff provided any argument that this deficiency, while perhaps technical in nature, is insufficient grounds to quash the subpoena. *Cf. CF&I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983) (affirming the quashing of a subpoena for failing to tender fees concurrently with service of the subpoena, despite later attempt to tender fees more than two months before the date for compliance). As such, Plaintiff has provided the Court no basis on which to do anything other than grant the relief requested of quashing the facially defective subpoena.[1]

//
//
//

---

[1] The Court can envision several arguments that Plaintiff and its counsel could have raised in seeking an outcome other than the quashing of the subpoena. But Plaintiff and its counsel did not raise those arguments, and the Court declines to act as Plaintiff's attorney by *sua sponte* raising arguments for them. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). The Court is also mindful of Plaintiff's contention that quashing the subpoena may impede its ability to proceed with its case. Docket No. 8 at 4 (asserting that the required information "would be lost" if the motion to quash is granted). If the stakes are truly as high as Plaintiff contends, it is unclear why it did not respond in any fashion to Movant's argument.

1     For the reasons discussed above, the motion to quash is **GRANTED**.

2     IT IS SO ORDERED.

3     DATED: April 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge