# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ME2 PRODUCTIONS, INC., )
                     Plaintiff(s), )
v. )
RICKEY MUNNINGS, et al., )
                     Defendant(s). )

Case No. 2:16-cv-02783-JCM-NJK

**ORDER**

**REPORT AND RECOMMENDATION**

This is one of dozens of cases alleging numerous defendants engaged in copyright infringement through BitTorrent. On April 27, 2017, the Court issued an order to show cause why the Court should not (1) sever all defendants except the first defendant, (2) dismiss the remaining defendants without prejudice, and (3) quash the subpoenas for discovery to the extent they pertain to any defendants other than the first named defendant. Docket No. 15 (citing *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493 (D. Ariz. 2012); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011); *On the Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500 (N.D. Cal. 2011); *LHF Prods., Inc. v. Does 1-20*, 2016 WL 7423094 (E.D. Va. Dec. 22, 2016); and *ME2 Prods., Inc. v. Does 1-14*, 2016 WL 6948333 (N.D. Ga. Nov. 28, 2016)). Plaintiff filed a response. Docket No. 20.

Plaintiff represented that the legal arguments and analysis in the response filed in this case are the same as those presented in *ME2 Productions, Inc. v. Bayu*, Case No. 2:17-cv-00724-JCM-NJK, Docket No. 14 at 2 (May 23, 2017). Concurrently herewith, the undersigned is issuing a report and recommendation in that case that all but the first defendant be severed and dismissed without prejudice, as well as an order

quashing any outstanding subpoenas. For the same reasons, the undersigned **RECOMMENDS** in this case that all Defendants except Defendant Rickey Munnings be **SEVERED** and **DISMISSED** without prejudice.

To the extent any subpoenas remain outstanding in this case, they are hereby **QUASHED**. Plaintiff is **ORDERED** to promptly serve a copy of this order on the recipients of any outstanding subpoenas, and shall file a proof of service of the same by June 20, 2017. The recipient(s) of any outstanding subpoenas shall retain the subpoenaed information for a period of at least 60 days from the date of the issuance of this order, so that it will be available if Plaintiff proceeds in a prompt manner against the remaining defendants in new cases and obtains permission to seek early discovery in those cases.

Plaintiff is **ORDERED** to promptly serve a copy of this order and report and recommendation, as well as the order and report and recommendation issued concurrently herewith in *ME2 Productions, Inc. v. Bayu*, Case No. 2:17-cv-00724-JCM-NJK, on any defendant who has not yet appeared, and shall file a proof of service of the same by June 20, 2017.

IT IS SO ORDERED

Dated: June 13, 2017

                                          _____
                                          NANCY J. KOPPE
                                          United States Magistrate Judge

NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).